# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Wayne Hall, | NO. CV-24-02107-PHX-SMM (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| LaSalle Corrections West, LLC, et al., | |
| Defendants. | |

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

### I.      Summary of Conclusion

This matter is before the Court on its own review. Plaintiff failed to comply with the Court's Order and file a "Notice of Substitution" providing the actual names of the Defendants Does 1-6, and the time for doing so has expired. Accordingly, the Court will recommend that Plaintiff's claims against these Defendants be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

### II.     Background

Self-represented Plaintiff Marco Wayne Hall, who is proceeding in forma pauperis and confined in the Federal Correctional Institution-Butner, in Butner, North Carolina, filed a civil rights Second Amended Complaint regarding events that took place while he was confined in the San Luis Regional Detention Center in San Luis, Arizona. (Doc. 11.) On August 21, 2025, the Court screened the matter and ordered Defendants to answer Counts

Three of the Second Amended Complaint and dismissed the remaining claims without prejudice. (Doc. 13.) Plaintiff named several Doe Defendants in his complaint. In its screening order, the Court also stated, "Plaintiff has 120 days from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of one or more of the Defendants Does 1-6, *and* to file a 'notice of substitution' for one or more of the Doe Defendants." (*Id.*) Although counsel has filed a notice of appearance on behalf of every Defendant – including the Doe Defendants – the Doe Defendants still remain anonymous as Plaintiff has not filed a notice of substitution.[1]

Accordingly, on December 29, 2025, the Court issued an Order requiring Plaintiff to show cause why this matter should not be dismissed as to the Doe Defendants for failure comply with the Court's Order and provide their actual names. (Doc. 31.) Plaintiff failed to comply and the time for doing so has expired.

### III. Discussion

Plaintiff's action against the Defendants Does 1-6 may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with this Court's Orders. Rule 41(b) of the Federal Rules of Civil Procedure provides "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

---

[1] On December 22, 2025, counsel for Defendants filed a Motion to Dismiss Defendants Does 1-6. (Doc. 30.) In his Motion counsel states, in pertinent part, "[u]ndersigned counsel, out of an abundance of caution, filed a Notice of Appearance on behalf of the John Doe Defendants #1-6, on October 13, 2025 (Doc. 15), in the event the identity of any John Doe Defendant was ascertained by Plaintiff prior to undersigned counsel filing his Notice of Appearance, and to assure no John Doe #1-6 Defendant was defaulted in this matter." (*Id.*)

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case as to these Defendants. Plaintiff's failure to file a notice of substitution providing the actual identity of Does 1-6 as directed, prevents the case from proceeding against them in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed and Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice as to Defendants Does 1-6 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Second Amended Complaint (Doc. 11) be **dismissed without prejudice** as to Defendants Does 1-6 under Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

1  Appellate Procedure, should not be filed until entry of the district court's judgment. The
2  parties shall have 14 days from the date of service of a copy of this Report and
3  Recommendation within which to file specific written objections with the Court. *See* 28
4  U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days
5  within which to file a response to the objections.

6  Failure to timely file objections to the Magistrate Judge's Report and
7  Recommendation may result in the acceptance of the Report and Recommendation by the
8  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
9  1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
10  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
11  findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report
12  and Recommendation. *See* Fed. R. Civ. P. 72.

13  Dated this 14th day of January, 2026.

Honorable Michael T. Morrissey
United States Magistrate Judge