**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Marco Wayne Hall,

　　　　　Plaintiff,

v.

Lasalle Corrections West LLC, et al.,

　　　　　Defendants.

No. CV-24-02107-PHX-SMM (MTM)

**ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for Reconsideration the Court's Order Adopting the Report and Recommendation of the Magistrate Judge (Doc. 43), Motion to Stay Discovery Subpoena, and Motion for Equitable Adjustment Due to Mail Delays. (Doc. 44). The Motions are fully briefed. (Docs. 44; 46; 56). For the reasons set forth, the Court denies the Motions.

## I.　　BACKGROUND

Self-represented Plaintiff Marco Wayne Hall, who is proceeding in forma pauperis and confined in the Federal Correctional Institution-Butner, in Butner, North Carolina, filed a civil rights Second Amended Complaint regarding events that took place while he was confined in the San Luis Regional Detention Center in San Luis, Arizona. (Doc. 11.) On August 21, 2025, the Court screened the matter and ordered Defendants to answer Count Three of the Second Amended Complaint and dismissed the remaining claims without prejudice. (Doc. 13). Plaintiff named several Doe Defendants in his complaint. In its screening order, the Court also stated, "Plaintiff has 120 days from the filing date of

this Order in which to discover, by subpoena or otherwise, the identity of one or more of the Defendants Does 1-6, and to file a 'notice of substitution' for one or more of the Doe Defendants." (Id.) Although counsel has filed a notice of appearance on behalf of every Defendant – including the Doe Defendants – the Doe Defendants still remain anonymous as Plaintiff has not filed a notice of substitution.

Accordingly, on December 29, 2025, the Court issued an Order requiring Plaintiff to show cause why this matter should not be dismissed as to the Doe Defendants for failure to comply with the Court's Order and provide their actual names. (Doc. 31). Plaintiff failed to comply.

On January 14, 2026, the Magistrate Judge filed a Report and Recommendation with this Court recommending that Plaintiff's claims against Defendants Does 1-6 be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the Court's Order and file a "Notice of Substitution" providing the actual names of Defendants Does 1-6. (Doc. 37). No objections to the Report and Recommendation were filed. On February 9, 2026, the Court adopted the Magistrate Judge's Report and Recommendation. (Doc. 43).

On February 10, 2026, Plaintiff filed the instant Emergency Motion for Reconsideration the Court's Order Adopting the Report and Recommendation of the Magistrate Judge (Doc. 43), Motion to Stay Discovery Subpoena, and Motion for Equitable Adjustment Due to Mail Delays. (Doc. 44). Defendants filed a response (Doc. 46), and Plaintiff filed a reply (Doc. 56).

## II.    LEGAL STANDARD

It is within the Court's discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g); see Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also 389 Orange St. Partners v. Arnold, 179 F.3d 656,

665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Disagreement with an order is an insufficient basis for reconsideration nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. See Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988).

### III.    DISCUSSION

#### A. Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's prior Order adopting the Report and Recommendation of the Magistrate Judge. (Doc. 43). Plaintiff contends that due to institutional mail delays he did not receive the Magistrate Judge's Report and Recommendation until after the objection deadline passed. (Doc. 44). In response, Defendants contend that Plaintiff does not explain how the alleged mail delay prevented him from conducting discovery as to the name of the Doe Defendants. (Doc. 46).

Reconsideration is only appropriate if the Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. ACandS, Inc., 5 F.3d at 1263 (citations omitted); see LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Further, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc., 229 F.3d at 890 (citation omitted).

The Court agrees with Defendants that Plaintiff does not explain how the alleged mail delay in January 2026 prevented him from conducting discovery of the true identities of the Doe Defendants when the Court provided Plaintiff four (4) months to

learn the identities of the Doe Defendants. (Doc. 46 at 4). [1] In fact, the only explanation Plaintiff provides is that Defendants materially misrepresented the record. (Doc. 44 at 2). The Court understands that Plaintiff was allegedly unable to timely object to the Report and Recommendation of the Magistrate Judge. (Id.) However, Plaintiff still does not provide any explanation as to why he did not conduct any discovery, such as filling out the blank subpoenas provided to him. (See id.)

Moreover, Plaintiff has not presented newly discovered evidence, has not demonstrated how the Court committed clear error or that its initial decision was manifestly unjust, or presented an intervening change in controlling law. ACandS, Inc., 5 F.3d at 1263 (citations omitted); see LRCiv 7.2(g)(1). Accordingly, the Court denies Plaintiff's Motion for Reconsideration of its order adopting the Report and Recommendation of the Magistrate Judge. (Doc. 43.)

### B. Motion to Quash Subpoena

Plaintiff also seeks to quash Defendants' subpoena on FCI Butner for Plaintiff's phone call recording and emails. (Doc. 44). Plaintiff contends that the subpoena lacks relevance and proportionality under Fed. R. Civ. P. 26(b)(1) and is an invasion of privacy. (Id.) In response, Defendants contend that the subpoena is relevant and proportional to the needs of the case and that the law does not recognize an expectation of privacy in inmate phone calls. (Doc. 46 at 5-6).

Rule 26(b)(1) of the Federal Rules of Civil Procedure states the following:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

[1] "Plaintiff has 120 days from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of one or more of the Defendants Does 1-6, *and* to file a "notice of substitution" for one or more of the Doe Defendants." (Doc. 13 at 8) (order entered August 21, 2025).

Fed. R. Civ. P. 26(b)(1).

Plaintiff contends that Defendants' subpoena "seeks patently irrelevant and private information. . .and appears designed to harass and intimidate Plaintiff rather than discover relevant evidence." (Doc. 44 at 2). Defendants contend that "[t]he purpose in issuing the subpoena was to discover evidence of statements Plaintiff has made about the case and to also discover whether his claims of permanent cognitive impairment are evidenced at all by his communications with others. (Doc. 46 at 5). Defendants further contend that Plaintiff's claim that the subpoena seeks production of phone call recording and emails that are "private" and "potentially privileged" is legally erroneous because the subpoena explicitly advises the BOP to not produce any communications with attorneys. (Id. at 5-6).

"District courts have broad discretion in determining relevancy for discovery purposes." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.' " Id. (quoting Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)). This standard is a "low bar." Sandoval v. County of San Diego, 985 F.3d 657, 666 (9th Cir. 2021); see also Pizzuto v. Tewalt, 136 F.4th 855, 868 (9th Cir. 2025).

The Court finds that Defendants' subpoena is proportional and relevant to the needs of this case because Plaintiff claims that his alleged heat stroke at Defendants' facility caused "permanent cognitive impairment" and Defendants seek information directly related to Plaintiff's claims. Further, the information requested in the subpoena could reasonably lead to admissible evidence on Plaintiff's cognitive impairment claim. See Surfvivor Media, Inc., 406 F.3d at 635.

Additionally, the Ninth Circuit has held that "[e]ven if [a prisoner] believed that his calls were private, no prisoner should reasonably expect privacy in his outbound telephone calls." United States v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir. 1996). Although prisoners do not forfeit all their privacy rights at the jailhouse steps, Franklin v. Oregon, 662 F.2d 1337, 1347 (9th Cir.1981), they do have those rights severely curtailed.

See, e.g., Hudson v. Palmer, 468 U.S. 517 (1984) (finding that a prisoner had no reasonable expectation of privacy in his prison cell); see also United States v. Hearst, 563 F.2d 1331 (9th Cir.1977), cert. denied, 435 U.S. 1000 (1978) (rejecting an inmate's Fourth Amendment challenge to the routine taping of telephone conversations on the grounds that such taping was reasonable).

Here, Plaintiff consented to the taping of his phone calls and the monitoring of his emails because (1) there is a notice posted next to each telephone advising inmates that calls are monitored, and (2) inmates and their contacts consent to monitoring prior to using the prison email system. (Doc. 46-3 at 2). Because consent vitiates a right to privacy claim, Plaintiff's argument independently fails on this ground. See Van Poyck, 77 F.3d at 291. Accordingly, the Court denies Plaintiff's Motion to Quash Subpoena. (Doc. 44).

### C. Motion for Equitable Relief for Mail Delays

Plaintiff also requests that the Court adjust all future response deadlines for Plaintiff "to level the playing field with Defendants' Instant ECF access. (Doc. 44). In response, Defendants contend that the alleged mail delay of a few days had nothing to do with Plaintiff's failure to conduct discovery on the Doe Defendants and to substitute the proper defendants during the four (4) month period allowed in this Court's Order, a three-week delay in Plaintiff's answers and responses to written discovery, and not timely abiding by other deadlines. (Doc. 46 at 9-10).

The Court understands Plaintiff's frustration with mail delays at his current facility. However, the Court will not issue a blanket time extension for every deadline in this case. "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). If Plaintiff needs time extensions in the future, he may request one for the Court to review on a case-by-case basis. Accordingly, the Court denies Plaintiff's Motion for Equitable Relief for Mail Delays. (Doc. 44).

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Emergency Motion for Reconsideration the Court's Order Adopting the Report and Recommendation of the Magistrate Judge (Doc. 43), Motion to Stay Discovery Subpoena, and Motion for Equitable Adjustment Due to Mail Delays. (Doc. 44).

Dated this 10th day of March, 2026.

_____
Stephen M. McNamee
Senior United States District Judge